### 70487. MILEY et al. v. FIREMAN'S FUND INSURANCE COMPANY OF GEORGIA et al.
(336 SE2d 583)

BENHAM, Judge.

Dondi Scott Miley was killed in an automobile accident involving a truck owned by Nashville Grocery Company ("grocery") and driven by grocery employee Leonard C. Stone. Appellants, the parents of the victim, brought suit against Stone, who filed an action for declaratory judgment when Fireman's Fund, the grocery's vehicle liability insurer, refused to defend Stone or to assume responsibility for any judgment rendered against Stone. This appeal follows the grant of summary judgment to Fireman's Fund in the declaratory action and the denial of appellants' motion for partial summary judgment.

The essence of the dispute between the parties is the validity of a driver exclusion endorsement which excluded coverage of the grocery's vehicles when driven by Leonard C. Stone. Appellants contend that the exclusion endorsement is void for lack of consideration. How-

ever, " '[w]here the indorsement restricting coverage, or the evidence, has shown that the insurer declined to exercise its right to cancel . . . in consideration for the insured's agreement to a restrictive indorsement, the forbearance by the insurer has been held to be a sufficient consideration for the indorsement.' [Cits.] . . . [A]n uncommunicated intention on the part of the insurance company . . . to cancel the policy . . . would not constitute a valid and binding consideration for the consummation of the exclusionary endorsement." *Patterson v. Cotton States &c. Ins. Co.,* 221 Ga. 878, 882 (148 SE2d 320) (1966). We therefore turn to the evidence of record to determine whether the trial court was correct when it ruled that the exclusion endorsement was supported by consideration.

In a deposition, the insurance agent testified that he told James Perry, the president of Nashville Grocery, "Fireman's Fund wouldn't be willing to stay on his auto policy with Leonard Stone as a driver." He reiterated that he told Perry that Fireman's Fund would cancel the policy if Perry refused to sign the exclusion endorsement. Mr. Perry was also deposed and stated that he knew that if his business were to have insurance coverage, Stone could not be covered. Perry recalled the insurance agent telling him that the insurer "could get off the coverage" if Perry did not agree to exclude Stone, and recalled he felt as if the agent were giving him an ultimatum. However, he could not remember the words the agent had used to communicate the ultimatum to Perry. In an affidavit executed in support of appellee's motion for summary judgment, the insurance agent reiterated that he had explained to Mr. Perry that "Fireman's Fund would not continue to stay on the risk, but would cancel the policy unless the exclusion was signed." We can find nothing in the record that contradicts or in any way disputes the testimony contained in the agent's deposition and affidavit. Appellants attempt to find a genuine issue of material fact in Mr. Perry's inability to recall what words the insurance agent used to convey "the ultimatum" to Perry. However, "a finding of fact which may be inferred [that Perry was not inferred that the insurer would cancel if the exclusion were not signed] . . . but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists. [Cit.]" *Frazier &c. Representatives v. Dabbs & Stewart,* 173 Ga. App. 304, 306 (325 SE2d 914) (1985).

Appellants maintain that the performance (i.e., forbearance) which constitutes consideration must be bargained for and a meeting of the minds clearly established (see OCGA § 13-3-42), and argue that such is not the case herein. Again, we must disagree with the appellants. The critical content of the depositions of Perry and the insurance agent, as well as the agent's affidavit, reflect clearly that Perry had been told he would have to execute the exclusion endorsement if

he wished to maintain insurance coverage, and he acted accordingly. The consideration was bargained for, and both Mr. Perry and the insurance agent intended that the execution of the exclusion endorsement would continue the liability coverage. The fact that the endorsement had an effective date which preceded Perry's signing thereof by six weeks does not vitiate the consideration, especially in the case at bar where the accident in issue did not occur until well after the exclusion endorsement had been signed.

Appellants also take issue with the trial court's consideration of the affidavits executed by the insurance agent and another representative of the insurer. Appellants contend that the affidavits are an attempt to vary orally the terms of a written contract and are conclusory in nature. See OCGA § 24-6-1. However, "the consideration of an instrument may always be inquired into by parol testimony . . ." *Waters v. Lanier,* 116 Ga. App. 471, 475 (157 SE2d 796) (1967). Furthermore, appellants have failed to establish their allegation of the conclusory nature of the affidavits, and we do not find them to be so.

In a supplemental brief filed after oral argument without permission of this court (see Rule 12, Rules of the Court of Appeals of Georgia, March 1, 1985), appellants assert that this court's decision in *Ga. Mut. Ins. Co. v. Ragan,* 122 Ga. App. 56 (176 SE2d 230) (1970) is dispositive of this appeal. Appellants read the decision in *Ga. Mut.* as requiring insurer compliance with cancellation procedures before the insurer has the right to cancel. However, we read the decision to say that if the insurer does not have the right to cancel coverage, its forbearance from cancelling does not amount to consideration for the execution of a modification of the contract of insurance. In the case at bar, the insurer had the right to cancel coverage. Appellants' reading of *Ga. Mut.* defines "right to cancel" as compliance with the statutory requirements for cancellation, and that is not the case.

We conclude that the trial court did not err when it held that the driver exclusion endorsement was supported by consideration and enforceable, and granted summary judgment to appellee and denied partial summary judgment to appellants.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 10, 1985 —
REHEARING DENIED OCTOBER 23, 1985 —

*Ralph F. Simpson, Manley F. Brown,* for appellants.
*Thomas C. James III, David E. Perry,* for appellees.