76863. FIREMAN'S FUND INSURANCE COMPANY OF GEORGIA v. MILEY et al.
(375 SE2d 49)

BIRDSONG, Chief Judge.

In a previous appearance of this subject matter before us, *Miley v. Fireman's Fund Ins. Co.*, 176 Ga. App. 527 (336 SE2d 583), we affirmed the trial court's declaration that Fireman's Fund was not liable to defend a negligence action by the parents of deceased Dondi Scott Miley. The clearly explained reason for the ruling was that there was a specific exclusion endorsement excluding coverage of the insured Nashville Grocery Company, of any claim involving a certain truck driver, Leonard C. Stone, whose driving competency record had been examined by Fireman's Fund and found wanting. This exclusionary endorsement was clearly known to and executed by the president of Nashville Grocery Company; yet, Leonard C. Stone continued to drive a company truck with the eventuality that Dondi Scott Miley was killed. The reasons the insurance exclusion was held valid are eminently clear, logically correct, and equitable.

Following that decision and judgment, Mr. Miley's parents qualified as executors of his estate, and in that new capacity again brought a personal injury suit, and sought to hold Fireman's Fund to the insurance contract coverage. Fireman's Fund filed a motion for sum-

mary judgment on substantive grounds, as well as conclusivity of the previous judgment. The trial court denied summary judgment to Fireman's Fund and granted the plaintiff's motion for summary judgment on grounds the previous declaratory proceedings were not res judicata either to Nashville Grocery, which was not a party to the earlier lawsuit, or to the co-administrators of the deceased's estate, who happened to be, as his parents, foreclosed in the previous suit.

Fireman's Fund appeals. *Held*:

We have examined the substantive merits of Fireman's Fund's motion for summary judgment, and find the equities and the rectitude thereof to be as plain and unchanging today as they were in October 1985, when the question of insurance coverage in this case appeared before us the first time. The exclusionary endorsement excluding coverage of an accident involving Leonard C. Stone, was then, and is now, valid. This fact is born of the insurance contract between Fireman's Fund and Nashville Grocery, and it does not change by the substitution of new plaintiffs. In so finding, it is not necessary for us to conclude these present plaintiffs (co-administrators) are estopped by that earlier judgment. If the policy exclusion is valid, which clearly it is and we have so held, it matters not who seeks to avoid it.

*Judgment reversed. Banke, P. J., and Beasley J., concur.*

## On Motion for Rehearing.

1. A motion for rehearing was filed by the winner.

2. The appellees' motion for rehearing is without merit. Insurance coverage was very clearly excluded when they sued as parents, at 176 Ga. App. 527. The matter has been litigated. We cannot now hold the exclusion is invalid and open the matter up for the *executors* to sue—all their arguments notwithstanding. As we said, if the exclusion is valid, there is no coverage.

*Motion for rehearing denied.*

Decided September 13, 1988 —
Rehearing denied October 27, 1988 — 

Thomas C. James III, for appellant.

Mitchell O. Moore, Craig A. Webster, M. Stan Ballew, for appellees.