## A89A0191. ROBERTSON v. N. N. INVESTORS LIFE INSURANCE COMPANY, INC.

(385 SE2d 681)

McMurray, Presiding Judge.

Plaintiff Robertson brought an action against his health insurance carrier, N. N. Investors Life Insurance Company, Inc. (defendant), to recover medical expenses he allegedly incurred as a result of a medical procedure "known as a penile implant." Defendant denied the material allegations of the complaint and filed a motion for summary judgment.

The undisputed evidence shows that plaintiff was covered under a health insurance policy issued by defendant and that the policy provided that "no benefits shall be payable . . . for any expenses caused by, incurred for, or resulting from . . . [c]osmetic surgery, which term includes but is not limited to . . . penile implants . . . ." The trial court found from the evidence before it that plaintiff's penile implant surgery was not covered under the insurance policy and granted defendant's motion for summary judgment. This appeal followed. *Held*:

1. In his sole enumeration of error, plaintiff contends the trial court erred in granting defendant's motion for summary judgment, arguing that a question of fact remains as to whether his penile implant was "organic in nature." This argument is based on the assumption that the insurance policy covers penile implants that are "organic in nature."

" 'We are guided in our consideration of the case [sub judice] by the principles of law set forth in *Lester v. Great Central Ins. Co.*, 138 Ga. App. 353, 354-355 (226 SE2d 149) (1976): "Insurance is a matter of contract, and the language used is to be accorded its general ordinary meaning, bearing in mind that the contract is to be construed in accordance with the intention and understanding of the parties, and in construing it the court cannot go further than a fair construction of the language used will permit. Where the contract is unambiguous, it must be construed to mean what it says. This rule applies to language limiting coverage. Of course if the contract is ambiguous the ambiguity is to be resolved against the insurer. But ambiguity is not to be created by lifting a clause or portion of the contract out of context. The natural, obvious meaning is to be preferred over any curious, hidden meaning which nothing but the exigency of a hard case and ingenuity of a trained and acute mind would discover." ' (Citations and punctuation omitted.) *Okehi v. St. Paul Fire &c. Ins. Co.*, 161 Ga. App. 851, 853 (289 SE2d 810) (1982)." *St. Paul Fire &c. Ins. Co. v. Cohen-Walker, Inc.*, 171 Ga. App. 542, 544 (1) (320 SE2d 385).

In the case sub judice, the provision of the policy excluding penile implants is clear and unambiguous. The fact that the policy characterizes penile implant surgery as "cosmetic surgery" does not bring

into question the nature of plaintiff's penile implant. It merely defines the surgery and excludes such coverage. Consequently, this enumeration raises no issue which requires reversal of the trial court's grant of defendant's motion for summary judgment.

2. Defendant's motion for an assessment of damages for a frivolous appeal pursuant to Rule 26 (b) of the Rules of the Court of Appeals of the State of Georgia is denied.

*Judgment affirmed. Motion for frivolous appeal denied. Carley, C. J., and Beasley, J., concur.*

DECIDED JUNE 29, 1989.

*Cramer, Weaver & Edwards, Timothy C. Cramer*, for appellant.
*Notte & Bianco, Theodore P. Bianco, Mullins, Whalen & Shepherd, Andrew Whalen III*, for appellee.