A91A0353. FOUNTAIN et al. v. ATLANTA CASUALTY
COMPANY.
(409 SE2d 239)

COOPER, Judge.

Appellee issued an insurance policy to appellants, Stanley and Marsha Fountain, containing a named driver exclusion agreement, which provided that all coverages except personal injury protection ("PIP") were not afforded by the policy if any vehicle was being used, driven, operated, manipulated by or under the care, custody, or control of Cynthia R. Fountain, the 16-year-old daughter of Stanley and Marsha Fountain. The appellants also rejected in writing all uninsured motorist coverage if the vehicle were operated by the excluded driver in the policy. While the policy was in effect, Cynthia Fountain was involved in a collision with an uninsured motorist while she was operating a Suzuki 185, three wheel "all-terrain vehicle" owned by a neighbor. The appellants filed a PIP claim which was denied by appellee because the vehicle on which Cynthia Fountain was injured did not meet the definition of a motor vehicle under the insurance policy's PIP provision. A few months later, appellants made demand for uninsured motorist benefits under the policy, and over three months later appellee filed a declaratory judgment action seeking a determi-

nation whether uninsured motorist benefits were available to Cynthia Fountain. Appellants' amended answer to the petition contained a counterclaim for damages for abusive litigation, legal expenses, and attorney fees. Appellants filed a motion to dismiss or in the alternative motion for summary judgment, and the appellee followed with a cross-motion for summary judgment. This appeal follows the trial court's order denying appellants' motion to dismiss and granting summary judgment to appellee.

1. Appellants enumerate as error the trial court's denial of their motion to dismiss, contending that appellee's petition for declaratory relief failed to show that appellee was in a position of uncertainty and insecurity because appellee had absolutely denied appellants' uninsured motorist claim prior to the filing of the petition. Although the facts of this case clearly show that appellee had not expressly denied appellants' uninsured motorist claim, we nevertheless conclude that appellee's petition for declaratory relief failed to state a claim upon which relief could be granted.

"In the seminal case of *Athens v. Gerdine*, 202 Ga. 197 (1) (42 SE2d 567), the Supreme Court held: 'While our declaratory-judgment statute should be liberally construed, it manifestly was never intended to be applicable to every occasion or question arising from any justiciable controversy, since the statute does not take the place of existing remedies. It therefore follows that where there exists a remedy, either in law or in equity, a petition for declaratory judgment will lie only when there be some fact or circumstances which necessitate a determination of disputes, not merely for the purpose of enforcing *accrued rights*, but in order to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged rights, and which future action without such direction might reasonably jeopardize his interest.' [Cit.] As in *Chastain v. U. S. Fid. &c. Co.*, 190 Ga. App. 215, 217 (1) (378 SE2d 397), 'there is no question that a dispute exists between (the insurance company) and [appellants] with regard to the parties' rights and duties under an automobile . . . insurance policy. However, all possible rights under the policy have accrued and all obligations have attached. Further, the record discloses that there is no *pending action* which could possibly expose (the insurance company) to uncertainty with regard to its duty to defend. . . . It is therefore apparent that (the insurance company) was merely seeking an advisory opinion from the trial court should past events result in an action at law or in equity. Georgia's Declaratory Judgments Act makes no provision for such an opinion.' " *Sentry Ins. v. Majeed*, 194 Ga. App. 276 (2) (390 SE2d 269) (1990), aff'd 260 Ga. 203 (391 SE2d 649) (1990).

In the case sub judice, appellee's petition for declaratory relief

failed to disclose why appellee was in need of direction from the court with respect to future conduct on its part which might increase its liability or otherwise affect its interest. Furthermore, although appellee did not absolutely deny appellants' claim for uninsured motorist benefits, it appears from our review of the record that appellee had taken a sufficiently firm position that Cynthia Fountain had rejected uninsured motorist coverage under the policy so that all rights between appellee and appellants had already accrued prior to the filing of the declaratory action. In our view, appellee was not " ' "walking in the dark" but had affirmatively acted.' [Cit.]" *Sentry Ins. v. Majeed,* supra at 278. Therefore, the trial court should not have granted summary judgment in favor of appellee but should have granted appellants' motion to dismiss the petition for declaratory relief.

2. In view of our holding in Division 1 of this opinion, appellants' remaining enumerations of error are rendered moot.

*Judgment reversed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JUNE 28, 1991 —
RECONSIDERATION DENIED JULY 25, 1991 — 

*Thomas J. Cullen,* for appellants.
*Bentley, Karesh, Seacrest, Labovitz & Campbell, Gary L. Seacrest, Jean F. Johnson, Dan J. Colley,* for appellee.