A91A0353. FOUNTAIN et al. v. ATLANTA CASUALTY
COMPANY.
(419 SE2d 67)

COOPER, Judge.

This court entered a judgment in the above-styled case at 200 Ga. App. 643 (409 SE2d 239) (1991) reversing the trial court's grant of summary judgment to appellee. The Georgia Supreme Court reversed our holding in *Atlanta Casualty Co. v. Fountain,* 262 Ga. 16 (413 SE2d 450) (1992). We had held that appellee's declaratory judgment action should have been dismissed for failure to state a claim upon which relief could be granted. We also deemed it unnecessary to address several of appellant's enumerations of error. In accordance with the Supreme Court's decision, our judgment is hereby vacated, the judgment of the Supreme Court is made the judgment of this court, and we now address the remaining issues raised in appellants' appeal.

1. Appellants first argue that the trial court erred in granting appellee's motion for summary judgment and in finding that the named driver exclusion endorsement precluded coverage. The named driver exclusion endorsement, which was part of the policy at issue, pro-

vided as follows: "In consideration of the premium charged, it is hereby agreed that all coverages except personal injury protection are not afforded by this policy while any vehicle is being used, driven, operated, or manipulated by, or under the care, custody or control of Cynthia R. Fountain. The provisions of this endorsement supercede and exclude from the policy any contrary provisions. The undersigned, being the named insured in the policy, hereby consents and agrees to the exclusion set forth above and also rejects in writing all uninsured motorist coverage if the vehicle is being operated by the excluded driver in the policy."

Appellants contend that the use of the words "any vehicle" and "the vehicle" in the endorsement are ambiguous and therefore the ambiguity should be construed in favor of the insured. Appellants argue that the definition of the term "motor vehicle" as used in the PIP coverage of the policy does not include the all-terrain vehicle involved in the accident, and therefore the term "vehicle" as used in the endorsement would not work to exclude an accident involving an all-terrain vehicle. After reviewing the policy and the endorsement, we agree with the trial court that no ambiguity exists. The term "motor vehicle," which does not include all-terrain vehicles, was limited to the policy provisions providing PIP coverage, and, in any event, the named driver exclusion endorsement uses the broader term "vehicle." OCGA § 40-1-1 (3) defines "all-terrain vehicle" as "any motorized *vehicle* designed for off-road use. . . ." (Emphasis supplied.) We find that the language used in the endorsement encompassed the all-terrain vehicle involved in this accident. Appellants exercised their right to reject uninsured motorist coverage for the named driver, see *Bass v. State Farm &c. Ins. Co.*, 128 Ga. App. 285, 290 (196 SE2d 485) (1973), vacated on other grounds, 130 Ga. App. 393 (203 SE2d 379) (1973), in exchange for a reduced premium. See also OCGA § 33-7-11 (a) (3). This intention is evidenced by the clear language of the endorsement. See *Robertson v. N. N. Investors Life Ins. Co.* 192 Ga. App. 122 (1) (385 SE2d 681) (1989). The trial court was correct in determining that the endorsement excluded uninsured motorist coverage.

2. Appellants next contend, in a rephrasing of their first enumeration, that the trial court erred in concluding that the named driver was not an insured under the uninsured motorist coverage of the policy. As we stated in Division 1, and as stated by the trial court, the named insured under the policy, as well as the named driver herself, rejected uninsured motorist coverage for the named driver with respect to a vehicle that was being driven or operated by the named driver. The named driver was not an insured, and the trial court did not err.

3. In their third enumeration, appellants state that the trial court

erred in finding that the named driver exclusion was not violative of public policy. The trial court's conclusion is directly supported by *Miley v. Fireman's Fund Ins. Co.*, 176 Ga. App. 527, 529 (336 SE2d 583) (1985), in which we held that a named driver exclusion which was supported by consideration was enforceable. The case cited by appellants for their position is factually inapposite and not controlling.

4. In response to appellee's declaratory judgment action, appellants filed a counterclaim seeking attorney fees and costs of litigation for filing a frivolous action. In view of the Georgia Supreme Court's decision upholding the declaratory judgment action filed by appellee, the trial court was correct in finding that appellants' counterclaim had no merit. Therefore, appellants' fourth enumeration likewise is without merit.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MAY 5, 1992.

*Thomas J. Cullen*, for appellants.
*Bentley, Karesh, Seacrest, Labovitz & Campbell, Gary L. Seacrest, Jean F. Johnson, Dan J. Colley*, for appellee.