A93A1332. ATLANTA CASUALTY COMPANY v. CASH et al.

(433 SE2d 311)

BLACKBURN, Judge.

This appeal is from the trial court's award of summary judgment to appellees, Cash, Stewart, and Green (referred to collectively as defendants), and its denial of summary judgment to appellant, Atlanta Casualty Company. The facts are undisputed.

Atlanta Casualty issued an insurance policy to Randy Coker which provided coverage for a 1983 Chevrolet Cavalier owned by Randy Coker. On January 22, 1990, Randy Coker and Cheryl Coker entered into a named driver exclusion agreement with Atlanta Casualty. This agreement provided that, "in consideration of the premium charged, it is hereby agreed that all coverages except personal injury protection are not afforded by this policy while any vehicle is being used, driven, operated or manipulated by, or under the care, custody or control of Cheryl A. Coker." Both Randy Coker and Cheryl Coker agreed and consented to the named driver exclusion by placing their signatures on it. Randy Coker's application for automobile insurance also identified Cheryl Coker as an excluded driver. It is further undisputed that Cheryl Coker was a high risk driver and that Randy Coker obtained insurance with Atlanta Casualty for a reduced premium because he and his wife, Cheryl Coker, agreed that she would be an excluded driver.

Despite the fact that no insurance coverage, except PIP benefits, was provided if Cheryl Coker operated the vehicle, on October 11, 1990, Cheryl Coker did operate the vehicle and did collide with a taxi cab occupied by Cash and Stewart, and operated by Green. The defendants then filed a claim for injuries sustained in the collision with Atlanta Casualty, upon which Atlanta Casualty based the underlying declaratory judgment action. "The essence of the dispute between the parties is the validity of a driver exclusion endorsement which excluded coverage of [Randy Coker's vehicle] when driven by [Cheryl Coker]." *Miley v. Fireman's Fund Ins. Co.*, 176 Ga. App. 527 (336 SE2d 583) (1985).

1. The trial court determined that the driver exclusion endorsement was violative of public policy and the compulsory insurance law of Georgia. On appeal Atlanta Casualty argues that the trial court's determination is contrary to law. Recently, in *Fountain v. Atlanta Cas. Co.*, 204 Ga. App. 165 (419 SE2d 67) (1992), we interpreted a driver exclusion endorsement worded exactly as the driver exclusion endorsement now before us. Therein, we determined that the exclusion did not violate public policy and was enforceable. Id. at 167. The defendants argue that *Fountain*, supra, is distinguishable on its facts because, therein, the plaintiff was the excluded driver, and not a third party, as in the present case. However, if the driver exclusion en-

dorsement violates public policy it would be invalid under any circumstances. It would be inapposite to find that an exclusion does not violate public policy in some circumstances, but, in other circumstances, does violate public policy. Therefore, we must follow the holding of *Fountain*, and reverse the trial court's award of summary judgment to defendants.

2. In Atlanta Casualty's second enumeration of error, it asserts that the trial court erred in denying its motion for summary judgment. Atlanta Casualty argues that the driver exclusion endorsement is clear and unambiguous and should be enforced as written. We agree. In *Miley*, supra, we determined that a driver exclusion endorsement supported by consideration was enforceable. In the present case, the wording of the endorsement identifies the consideration as the "premium charged." As stated above, it was uncontested that Randy Coker obtained his insurance at a reduced premium by agreeing to exclude Cheryl Coker as a driver. Therefore, the driver exclusion endorsement was supported by consideration and is enforceable. The trial court should have granted Atlanta Casualty's motion for summary judgment.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED JUNE 4, 1993 —
RECONSIDERATIONS DENIED JUNE 21, 1993 —

*Bentley, Karesh & Seacrest, Gary L. Seacrest, Gerald P. Ruleman*, for appellant.
Randy G. Coker, Cheryl A. Coker, *pro se*.
*Farrar, Farrar & Hennesy, Joseph J. Hennesy, Jr., William V. Evans*, for appellees.