## A97A0968. ANDERSON et al. v. MULLINAX et al.
### (487 SE2d 607)

ELDRIDGE, Judge.

Appellants, Kathleen Anderson and William Anderson, individually, as parents, and as next friend for their daughter, Jamie Anderson, a minor, sued appellees Randy J. Mullinax and Shawn A. Mullinax, individually and as guardians for their daughter, Meagan Ann Mullinax, a minor, under the family purpose doctrine for injuries to Jamie Anderson while she was a passenger in a vehicle owned by Randy J. Mullinax and Shawn A. Mullinax caused by the negligence of Meagan Ann Mullinax. Appellants' daughter suffered personal injuries requiring medical attention. Appellants served their own insurer, State Farm Mutual Insurance Company ("State Farm"), under their uninsured motor vehicle provision, because Meagan Ann Mullinax had been declared an uninsured motorist, because she did not come under her parents' policy with insurer Cincinnati Insurance Company.[1] State Farm answered.

State Farm settled the claim of Jamie Anderson and did not include any payment for past medical expenses incurred while she was a minor. Appellants proceeded with the instant suit to recover $30,000 in medical expenses that State Farm refused to pay. State Farm asserted that, as an uninsured motorist carrier, it was entitled to a setoff for medical insurance coverage payments that appellees' carrier Cincinnati Insurance Company paid to appellants under the medical coverage to passengers provisions in appellees' comprehensive liability policy; appellants had received payments for the medical expenses from Cincinnati Insurance Company under its no-fault and medical coverage. By final order dated December 12, 1996, the trial court gave the uninsured motorist carrier, State Farm, a setoff of $30,000 for medical insurance claims paid to appellants by Cincinnati Insurance Company. The parties stipulated that the medical expenses incurred were $38,714.50.

Appellants' sole enumeration of error is that the uninsured motorist carrier cannot setoff against liability for medical expenses those medical payments made to appellants by the tortfeasors', appellees, insurance carrier.

Coverage for uninsured motorists is a matter of insurance contract under the statutory requirements of OCGA § 33-7-11 and not a matter of tort law and damages. *State Farm &c. Ins. Co. v. Bd. of Regents &c. of Ga.*, 226 Ga. 310 (174 SE2d 920) (1970); see also *Darby v. Mathis*, 212 Ga. App. 444 (441 SE2d 905) (1994). The policy coverage insures only against actual loss. *St. Paul Fire &c. Ins. Co. v. Goza*,

---

[1] See *Cincinnati Ins. Co. v. Mullinax*, 215 Ga. App. 331 (450 SE2d 336) (1994).

137 Ga. App. 581 (224 SE2d 429) (1976); see also *State Farm &c. Ins. Co. v. Murphy*, 226 Ga. 710 (177 SE2d 257) (1970).

"When faced with various facts, the cases examined have sought to make the insured whole within his policy limits, yet have confined recovery to actual losses. . . . The clause at issue here specifically states that '[t]his does not reduce the limits of liability of this coverage.' It does not operate to bar stacking of coverage; it is only a non-duplication of benefits provision that addresses the concern of double recovery. See *McCombs v. State Farm Mut. Ins. Co.*, 200 Ga. App. 28 (406 SE2d 549) (1991). The sole effect is to prevent double recovery when the insured has already received medical payments and the balance of the judgment will be within the uninsured policy limits." *Johnson v. State Farm &c. Ins. Co.*, 216 Ga. App. 541, 543-544 (455 SE2d 91) (1995).

Since uninsured motorist coverage is a matter of contract, then the tort damage "collateral source rule" prohibiting a tortfeasor from offsetting damage liability by any collateral source has no application; in fact, uninsured motorist coverage is a collateral source. "Neither OCGA § 33-7-11 nor the collateral source rule requires that [appellants] receive double recovery." *Johnson v. State Farm &c. Ins. Co.*, supra at 545. "The collateral source rule has never applied so as to require an insurance company to pay 'duplicate damages' to a claimant. [Cit.]" *Orndorff v. Brown*, 197 Ga. App. 591, 592 (1) (399 SE2d 77) (1990).

The trial court did not err in granting State Farm a setoff for the medical expenses that appellants had already recovered, because appellants are not allowed under uninsured motorist coverage to recover in excess of their actual losses.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED MAY 22, 1997 —
RECONSIDERATION DENIED JUNE 4, 1997 — ▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮ Before Judge Cook.
*Jewett & Clark, C. Lawrence Jewett, Jr., Robin F. Clark*, for appellants.
*Gary M. Cooper*, for appellees.