## S97G1573. ANDERSON et al. v. MULLINAX et al.
### (497 SE2d 796)

FLETCHER, Presiding Justice.

The issue in this granted certiorari is whether an uninsured motorist (UM) carrier may set off medical payments made by the tortfeasor's insurance carrier. Because the policy at issue in this case contains no provision for such a set-off, we hold that set-off is not permissible and reverse.

Jamie Anderson was injured while a passenger in a car driven by Meagan Mullinax. Cincinnati Insurance Company, which provided automobile liability insurance to Meagan's parents, paid Jamie's medical expenses under the medical payments coverage, but denied all other liability for Jamie's injuries because Meagan was not an insured under her parents' policy.[1] Jamie's parents sued the Mullinaxes and served State Farm, their own UM carrier. The Andersons settled with State Farm for $25,000 for Jamie's pain and suffering and went to trial on stipulated facts with the sole issue being whether State Farm was entitled to a set-off for the $30,000 in medical expenses previously paid by Cincinnati. The trial court held that State Farm was entitled to a set-off and the court of appeals affirmed.[2]

1. Both the trial court and the court of appeals addressed the question of whether a set-off is generally allowable under the uninsured motorist statute and as a matter of policy. However, the starting point for interpretation of contracts for insurance is the contract itself.[3] The Andersons argue that the UM coverage at issue here does not permit reduction of payments for medical expenses paid by a third-party insurer. The UM coverage of the policy provides that expenses paid under "the medical payments coverage will not be paid for again as damages under this coverage." A similar clause was held in *Johnson v. State Farm*[4] to permit reduction of payments under UM coverage for amounts paid under the medical payments coverage of the *same* policy. This clause does not, however, authorize reduction of payments under UM coverage for amounts paid as medical payments under *any* policy of insurance. This interpretation is supported by other language under the UM coverage that broadly authorizes reduction for amounts paid under "any policy of property insurance" and under "any worker's compensation, disability benefits or similar laws."

---

[1] See *Cincinnati Ins. Co. v. Mullinax*, 215 Ga. App. 331 (450 SE2d 336) (1994).

[2] *Anderson v. Mullinax*, 226 Ga. App. 672 (487 SE2d 607) (1997).

[3] *Park 'N Go of Georgia, Inc. v. United States Fidelity & Guar. Co.*, 266 Ga. 787, 791 (471 SE2d 500) (1996).

[4] *Johnson v. State Farm Mut. Auto. Ins. Co.*, 216 Ga. App. 541, 544 (455 SE2d 91) (1995).

2. State Farm argues that a denial of a set-off is contrary to the purpose of UM coverage to place the insured in the same position as if the tortfeasor had liability coverage. Even though there is no public policy interest in encouraging double recovery under UM coverage,[5] the primary responsibility for writing coverage that limits the insurer's obligation to actual losses lies with the insurer in the drafting of its contract.[6] Because State Farm's policy does not authorize the set-off it seeks, we must reverse.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 13, 1998.

*Jewett & Clark, C. Lawrence Jewett, Robin F. Clark,* for appellants.

*Cooper & Avery, Gary M. Cooper, Craig C. Avery, Dennis, Corry & Porter, Raymond J. Kurey,* for appellees.

---

[5] See *Johnson,* 216 Ga. App. at 544 (clause allowing set-off is not against public policy where total damages do not exceed policy limits); see also O.C.G.A. § 33-24-56.1 (subrogation and claims for reimbursement by insurers allowed where insured first recovers total damages).

[6] See *Continental Casualty Co. v. HSI Financial Services, Inc.*, 266 Ga. 260, 262 (466 SE2d 4) (1996); *Alley v. Great American Ins. Co.*, 160 Ga. App. 597, 600 (287 SE2d 613) (1981).