S02A1555. WHITE v. THE STATE.
(571 SE2d 786)

FLETCHER, Chief Justice.
A jury convicted Wendell Allen White of the murder of his six-

month-old son.[1] The state sought the death penalty, but the jury returned a verdict of life imprisonment without parole. White contends that the trial court erred in admitting his two custodial statements. Because the first statement was excluded from evidence and White knowingly and voluntarily made the second videotaped statement after police advised him of his rights, we affirm.

The evidence at trial shows that White reached through a window and unlocked the back door at his girlfriend's house. He pulled his son, Wendell Allen Middlebrooks, off the kitchen table where he was sleeping in his car seat. White ran away with the child, but later returned to speak to Ayeisha Middlebrooks, the baby's mother. A cousin of White's talked to him for more than 30 minutes, trying to calm him and get the baby. White refused to give the baby to anyone other than Ayeisha and jogged away when she refused to talk to him. Deputies followed White to a nearby school where he threatened to kill the baby if they got any closer. As Ayeisha ran to the school screaming at White, he looked over in her direction, grabbed the baby's ankles, lifted him up and swung down, slamming the baby's head against the pavement two times. Five witnesses testified that they saw White slam the baby to the ground, and the medical examiner testified that the baby died from massive blunt force injuries to his head.

1. The jury convicted White of malice murder, felony murder, kidnapping with bodily injury, and burglary, and found the existence of statutory aggravating circumstances beyond a reasonable doubt.[2] The felony murder conviction was vacated by operation of law,[3] and the trial court sentenced White to life imprisonment without parole for the murder, a concurrent life sentence on the kidnapping count, and a consecutive 20-year sentence on the burglary count. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found White guilty of the crimes charged.[4]

2. White made two statements to police, one while seated in the patrol car at the school and the second in the interview room of the sheriff's department. Following a hearing on the voluntariness of the two statements, the trial court ruled that the first statement was not

---

[1] The child was kidnapped and killed on November 20, 1997. White was indicted on September 1, 1998. A jury found him guilty on October 13, 1998, and returned its verdict on the penalty on October 16, 1998; the trial court imposed its sentence that day. White filed a motion for a new trial on October 30, 1998, which the trial court denied on April 30, 2002. White filed a notice of appeal on May 28, 2002. The case was docketed in this Court on June 28, 2002, and submitted for decision without oral arguments on August 19, 2002.

[2] See OCGA § 17-10-30 (b) (2) & (b) (7).

[3] See *Malcolm v. State*, 269 Ga. 369, 371-372 (434 SE2d 479) (1993).

[4] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

admissible under *Jackson-Denno*,[5] but that White freely and voluntarily made the second statement. In support of that ruling, the trial court found that White was a high school graduate, police advised White of his rights, he signed a waiver form, and officers did not threaten him or offer him the slightest hope of benefit in exchange for his statement. Because the first statement was excluded from evidence and the second statement was properly admitted during the sentencing phase of the trial, we conclude that the trial court did not err in its rulings on the admissibility of White's custodial statements.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 28, 2002.

*Sullivan, Sturdivant & Ogletree, Harold A. Sturdivant, Michele W. Ogletree*, for appellant.

*William T. McBroom III, District Attorney, Robert H. English, Assistant District Attorney, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.

---

[5] See *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).