A04A1711. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. HARPER.

(612 SE2d 861)

RUFFIN, Chief Judge.

Carol Harper obtained a $50,000 judgment against uninsured motorists, and she sought payment of this amount from Georgia Farm Bureau Mutual Insurance Company ("Georgia Farm"), which provided her uninsured motorist insurance coverage. Georgia Farm tendered a check for less than the full amount, claiming it was permitted to offset expenses already paid. Harper then filed suit against Georgia Farm to recover the full amount of the judgment, and the parties filed cross-motions for summary judgment. The trial court found in favor of Harper, and this appeal ensued. For reasons that follow, we reverse.

Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law.[1] "We review the trial court's grant of summary judgment de novo, construing the evidence and all reasonable conclusions and inferences in favor of the nonmovant."[2]

Viewed in this manner, the record shows that Georgia Farm issued an insurance policy to Harper. Part A of the policy set forth general liability provisions, Part B detailed the medical coverage, and Part C involved uninsured motorist coverage. In May 1999, Harper was injured in an automobile collision, and her insurance company paid medical expenses in the amount of $27,566.65 pursuant to Part B of the policy.

The occupants of the other vehicle involved in the collision filed suit against Harper, who filed a counterclaim against the other vehicle's driver. The case proceeded to trial on issues including medical expenses, pain and suffering, and lost wages. The jury found in favor of Harper and awarded $50,000. Harper then demanded payment of this amount from Georgia Farm. However, Georgia Farm tendered a check for $22,433.35, representing the $50,000 minus the

---

[1] See *Villareal v. TGM Eagle's Pointe,* 249 Ga. App. 147 (547 SE2d 351) (2001).

[2] *SawHorse, Inc. v. Southern &c. Ins. Co. of Ga.,* 269 Ga. App. 493 (604 SE2d 541) (2004).

medical payments already made under the policy. According to Georgia Farm, the policy contained a "non-duplication of benefits provision" which permitted the offset.

After Georgia Farm refused to pay the full $50,000, Harper filed suit against the insurer seeking payment of $50,000, plus interest, costs, attorney fees, and penalties for Georgia Farm's bad faith failure to pay. Harper's complaint alleged that "under the express terms" of Part C, the uninsured motorist section, there is no provision for the company to offset medical payments already made.

In its answer, Georgia Farm asserted that, although nothing in Part C expressly permitted for offsetting medical expenses, "other provisions of the policy" provided such right. Specifically, Georgia Farm pointed to Part B of the policy. This section provides, in pertinent part that "[a]ny amounts otherwise payable for expenses under this [medical] coverage shall be reduced by any amounts paid or payable for the same expenses under . . . Part C." However, this section also provides that "[n]o [medical] payments will be made unless the injured person or that person's legal representative agrees in writing that any payment shall be applied toward any settlement or judgment that person receives under Part A or Part C." It is undisputed that Georgia Farm did not require Harper to sign any such agreement prior to payment of medical expenses.

The parties filed cross-motions for summary judgment, and the trial court found in favor of Harper. In its order, the trial court found that, under the terms of Part C, the insurer could not reduce its uninsured motorist payments by the amount previously paid for medical expenses. The trial court also found that the offset language in Part B did not apply because Georgia Farm was not paying under this section. Finally, the trial court noted that, when Georgia Farm paid medical expenses under Part B of the policy, it did not require Harper to agree that such payment would later be credited to any sum due under Part C. Thus, the court reasoned, Georgia Farm "seemingly waive[d] the very contractual right it now asserts." Georgia Farm appeals, asserting in several enumerations of error that the trial court erred in granting summary judgment to Harper and in failing to enter summary judgment in its favor.

1. "Insurance in Georgia is a matter of contract, and we have long held that contract disputes are well suited for adjudication by summary judgment because construction of a contract is ordinarily a matter of law for the court."[3] As a general rule,

---

[3] (Citation and punctuation omitted.) *Nationwide Mut. Fire Ins. Co. v. Somers*, 264 Ga. App. 421, 423 (1) (591 SE2d 430) (2003).

the parties to an insurance policy are bound by its plain and unambiguous terms. Although such contracts are construed against the insurer if the provisions are susceptible to more than one interpretation, if the language is unambiguous and but one reasonable construction is possible, the court will enforce the contract as written.[4]

Georgia Farm argues that language in Part B and Part C of the policy permits a reduction of payments here. But it is undisputed that Harper seeks satisfaction of the $50,000 judgment under Part C. Thus, the relevant inquiry is whether uninsured motorist payments under Part C can be reduced by the amount of prior medical payments. And in making this inquiry, the trial court largely focused on the absence of language in Part C relating to medical payments made under Part B.

Although Part C lacks specific language permitting the reduction for medical payments, it does contain the following language: "[t]he limit of liability shall be reduced by all sums . . . [p]aid because of the 'bodily injury' or 'property damage' by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A of the policy." We see no way of reading this provision other than as precluding Harper from receiving payment for medical expenses that Georgia Farm already paid. And, as the parties unambiguously contracted against double recovery, we see no reason for failing to enforce the agreement as written.[5] Moreover, such interpretation promotes the general policy of discouraging double recovery.[6]

On appeal, Harper essentially argues that since the policy specifically included payments made under Part A, the general liability section, without listing payments made under Part B, the medical payments section, the insurer intended that an insured be able to receive duplicate benefits. We disagree. Part C limits the insurer's liability for "*all sums*" paid as a result of bodily injury. Clearly, under the terms of the policy, payments made under Part B are for bodily injury. And the mere fact that the policy subsequently "includes" a specific part of the policy does not alter the breadth of the exclusion.

---

[4] (Punctuation and footnote omitted.) *SawHorse*, supra at 494-495 (1).

[5] See *State Farm &c. Ins. Co. v. Walker*, 234 Ga. App. 101, 103 (505 SE2d 828) (1998).

[6] See *Crafter v. State Farm Ins. Co.*, 251 Ga. App. 642, 644 (554 SE2d 571) (2001); see also *Candler Hosp. v. Dent*, 228 Ga. App. 421, 422 (491 SE2d 868) (1997) ("Georgia, as part of its common law and public policy, has always prohibited a plaintiff from [obtaining] a double recovery of damages; the plaintiff is entitled to only one recovery and satisfaction of damages, because such recovery and satisfaction is deemed to make the plaintiff whole.").

The word include " 'is ordinarily a term of enlargement, not limitation.' "[7] Accordingly, because the policy "include[d] all sums payable under Part A," it does not follow that it excluded all payments made under Part B. And as Georgia Farm has already paid Harper for such bodily injury, it should not be required to pay her again for the same loss.

The cases cited by Harper, including *Duncan v. Integon Gen. Ins. Corp.*[8] and *Anderson v. Mullinax*,[9] do nothing to dissuade us. In *Duncan*, the issue was whether the "complete compensation rule" limited the application of reimbursement or subrogation provisions in an insurance policy.[10] As this case involves neither reimbursement nor subrogation, *Duncan* is factually inapposite.[11] And in *Anderson*, the Supreme Court disallowed setoff when the policy contained no language permitting such reduction of benefits.[12] Here, however, we have found that the policy language encompasses such setoff.

The question thus becomes whether the $50,000 awarded by the jury duplicates the medical payments Harper has already received. According to Harper, we have no means of knowing whether the $50,000 encompassed these medical expenses because Georgia Farm opted for a general rather than special verdict form. We find this argument unavailing. We note that Georgia Farm was not a party at trial, and thus could not dictate the verdict form used. Furthermore, the pre-trial order makes clear that Harper sought medical expenses as part of her damages. Under these circumstances, we may presume that the verdict included an award for medical expenses.[13]

Finally, we must consider whether Georgia Farm's failure to obtain a written agreement that payment of medical expenses would later be credited against any sum due as uninsured motorist benefits constitutes a waiver. Again, in construing the policy, we look to its language. Here, the policy provides in Part B that "[n]o [medical] payments will be made unless the injured person or that person's legal representative agrees in writing that any payment shall be applied toward any settlement or judgment." By failing to insist on this writing, Georgia Farm waived, if anything, its right to withhold

---

[7] *Ga. Farm &c. Ins. Co. v. Joiner Intl.*, 177 Ga. App. 233, 234 (339 SE2d 284) (1985).

[8] 267 Ga. 646 (482 SE2d 325) (1997).

[9] 269 Ga. 369 (497 SE2d 796) (1998).

[10] See *Duncan*, supra.

[11] Similarly, we reject Harper's argument that OCGA § 33-24-56.1 bars recovery as this case does not involve reimbursement or subrogation. See *Yates v. Dean*, 244 Ga. App. 333, 334 (1), (2) (535 SE2d 335) (2000).

[12] See *Anderson*, supra at 369 (1).

[13] See *Myers v. Thornton*, 224 Ga. App. 326, 328 (480 SE2d 334) (1997).

medical payments. But we cannot find that, in so doing, it waived its right under Part C to pay Harper only once for her loss.

For these reasons, we find that Georgia Farm was entitled to reduce the payment made to Harper by the amount it already paid for medical expenses. It follows that the trial court erred in granting summary judgment to Harper on this issue as Georgia Farm is entitled to judgment as a matter of law.

2. Georgia Farm also argues that the trial court erred in failing to grant its motion for summary judgment on Harper's claim for bad faith penalties, expenses, and attorney fees. In view of our holding in Division 1, we agree.[14]

*Judgment reversed. Bernes, J., concurs. Adams, J., concurs in the judgment only.*

DECIDED MARCH 29, 2005 — 

*James D. Hudson*, for appellant.
*Berrien L. Sutton*, for appellee.

---

[14] See *Midland Ins. Co. v. West*, 175 Ga. App. 419, 422 (2) (333 SE2d 628) (1985).