**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**June 11, 2014**

# In the Court of Appeals of Georgia

A14A0637. ROBERSON v. 21ST CENTURY NATIONAL INSURANCE COMPANY.

ANDREWS, Presiding Judge.

Danny Roberson sued Larry Booker and Michael Snipes for injuries Roberson sustained in a motor vehicle accident. Roberson also served his wife's uninsured motorist insurance carrier, 21st Century National Insurance Company, as permitted by OCGA § 33-7-11. 21st Century then moved for summary judgment because its policy contained a "Named Driver Exclusion Endorsement" that excluded Roberson from all coverage under the policy; the trial court agreed and granted 21st Century's motion. Roberson appeals, claiming that the exclusion does not apply and that enforcement of the exclusion would contravene OCGA § 33-7-11 and Georgia public policy. Because we conclude that OCGA § 33-7-11 requires a written rejection of

uninsured motorist coverage to properly exclude Roberson and that the record contains no such rejection, we reverse.

The facts of record in this appeal are sparse.[1] On August 3, 2009, Roberson was injured when a vehicle driven by Snipes, and owned by Booker, collided with Roberson's police cruiser at the intersection of Mercer University Drive and Grosso Avenue in Macon. As a result of the collision, Roberson received injuries and sued Snipes and Booker; Snipes denied the allegations of Roberson's complaint. At that time, Roberson's wife, Tera, maintained a "Personal Automobile Insurance Policy" with 21st Century. Included in the 21st Century policy is "Part C - Uninsured Motorists Coverage." Tera Roberson's policy provides that 21st Century "will pay compensatory damages that an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of: A. Bodily injury sustained by an insured." "Insured" is partially defined as "[the named insured] or any family member." As a result, Roberson served 21st Century pursuant to the provisions of OCGA § 33-7-11, seeking the benefit of the policy's uninsured motorist coverage.

---

[1] While both parties' briefs have freely included factual allegations without citation to the record, in violation of this Court's rules, see Court of Appeals Rule 25 (a), those allegations have not been considered.

However, the policy also contains a "Named Driver Exclusion Endorsement" which provides, in part, that "ALL coverages under this policy are excluded" for claims arising from an accident when certain vehicles are operated by a "named excluded driver." The policy's declaration page includes a section entitled "Driver Information"; under that heading, "Tera Roberson" is named, along with additional information (date of birth, etc.). "Danny Roberson" is identified as an "Excluded Driver."

Based upon these provisions, 21st Century filed a motion for summary judgment, arguing that Roberson was not entitled to uninsured motorist coverage since he was a "named excluded driver" under the plain language of the endorsement. Roberson responded, arguing that the endorsement did not apply because Roberson "is not 'listed' as a named excluded driver on the declaration page" and because "O.C.G.A. § 33-7-11 and public policy considerations foreclose application of [21st Century's] exclusion." The trial court found that Roberson was excluded from all coverage under the 21st Century policy; that Tera Roberson's premium was adjusted "as consideration for the exclusion of Mr. Roberson"; and that neither OCGA § 33-7-11 nor Georgia public policy "require[d] a driver who does not have coverage under

3

a policy to sign a written rejection of UM coverage under that policy." The trial court therefore granted 21st Century's motion, and Roberson now appeals.[2]

Our standard of review may be stated thusly:

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant or denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citations and punctuation omitted.) *Layer v. Clipper Petroleum*, 319 Ga. App. 410, 411 (735 SE2d 65) (2012).

1. Roberson claims that the 21st Century policy is "illegal and against public policy" because it excludes Roberson from uninsured motorist coverage in purported violation of OCGA § 33-7-11. Based upon the evidence of record, we find that the 21st Century policy does not comply with the requirements of OCGA § 33-7-11 (a) (3).

OCGA § 33-7-11 (a) (1) provides that

---

[2] Roberson's reply brief in this Court exceeds the applicable page limit by several pages. See Court of Appeals Rule 24 (f). Rather than strike the reply brief, we have not considered these additional pages in our analysis of this appeal.

No automobile liability policy or motor vehicle liability policy shall be issued or delivered in this state to the owner of such vehicle or shall be issued or delivered by any insurer licensed in this state upon any motor vehicle then principally garaged or principally used in this state unless it contains an endorsement or provisions undertaking to pay the insured damages for bodily injury . . . of an insured under the named insured's policy sustained from the owner or operator of an uninsured motor vehicle.

However, such coverage "shall not be applicable where *any* insured named in the policy shall reject the coverage in writing." (Emphasis added.) OCGA § 33-7-11 (a) (3). OCGA § 33-7-11 (b) (1) (B) defines "insured", in part, as "the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise."[3] In contrast to OCGA § 33-7-11, the "Named Driver Exclusion Endorsement" of the 21st Century policy states that

In consideration of the premium charged for this policy, it is agreed that ALL coverages under this policy are excluded and no coverage will be provided for any claim arising from an accident or loss that occurs while

---

[3] We need not reach the question of whether Roberson *and* Tera Roberson should execute a rejection of uninsured motorist coverage or whether, as the only "named insured" on the policy, such a rejection could be executed by Tera Roberson alone; the record contains neither.

5

a covered auto or a non-owned auto is operated by an individual listed as a named excluded driver on your Declarations Page.

The declarations page clearly identifies "Tera Roberson" as the sole "named insured" and Roberson as an "Excluded Driver." Yet despite the inclusion of the named driver exclusion endorsement, the record does not contain any rejection in writing of uninsured motorist coverage for Roberson.

It is generally true that "named driver exclusions which are clear, unambiguous and supported by consideration are enforceable." *Ison v. State Farm Fire & Cas. Co.*, 230 Ga. App. 554, 555 (496 SE2d 478) (1998). Indeed, "an insurer may fix the terms of its policy as it wishes, insuring against certain risks and excluding others, *provided the terms are not contrary to law*." (Emphasis added.) *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712, 716 (4) (470 SE2d 659) (1996). Accordingly, when an uninsured motorist policy provision is in conflict with the clear intent of OCGA § 33-7-11, the policy provision is unenforceable and the statute controls. *Dees v. Logan*, 282 Ga. 815, 816 (653 SE2d 735) (2007); *Hartford Accident & Indemnity Co. v. Booker*, 140 Ga. App. 3, 4 (1) (230 SE2d 70) (1976). "Exclusions in uninsured motorist endorsements cannot 'circumvent the clear mandate of [OCGA § 33-7-11] by withholding the protection required.'" (Citations and punctuation omitted.) Id. When

6

viewed in tandem, these authorities confirm that OCGA § 33-7-11 (a) (3) permits waiver of uninsured motorist benefits, as long as "any insured named in the policy shall reject the coverage in writing." Here, there is no evidence of a written rejection of uninsured motorist coverage. It necessarily follows that the attempt to exclude Roberson from uninsured motorist coverage violated the plain requirements of OCGA § 33-7-11. See *Dees*, supra, 282 Ga. at 816. As a result, we conclude that the named driver exclusion endorsement in the 21st Century policy is ineffective.[4]

We are mindful of the authority cited by 21st Century and the trial court suggesting that the exclusion of Roberson from uninsured motorist coverage is enforceable. See *Fountain v. Atlanta Cas. Co.*, 204 Ga. App. 165 (419 SE2d 67) (1992) ("*Fountain II*"). See also *Fountain v. Atlanta Cas. Co.*, 200 Ga. App. 643 (409 SE2d 239) (1991) ("*Fountain I*"). In *Fountain*, Stanley and Marsha Fountain procured an insurance policy that included a named driver exclusion for their 16-year-old daughter Cynthia. *Fountain I*, supra, 200 Ga. App. at 643. When Cynthia was injured in an all-terrain vehicle accident, her parents sought uninsured motorist coverage

---

[4] We do not hold that a named driver exclusion endorsement can never waive uninsured motorist coverage. See *Fountain v. Atlanta Cas. Co.*, 204 Ga. App. 165 (419 SE2d 67) (1992). Rather, we merely state that the record in this case does not support enforcement of such an exclusion because of the absence of a rejection in writing, by a named insured, of uninsured motorist coverage.

7

from their insurer. Id. This Court ultimately held that the named driver exclusion endorsement was enforceable and affirmed the trial court's award of summary judgment to the insurer. Id. See also *Fountain II*, supra, 204 Ga. App. at 166, 167. However, *Fountain* is distinguishable on one key point.

In *Fountain I*, we noted that the policyholders "rejected in writing all uninsured motorist coverage" for Cynthia. See *Fountain I*, supra, 200 Ga. App. at 643. In addition, the named driver exclusion at issue in *Fountain* included a provision that the named insured "hereby consents and agrees to the exclusion set forth above and also rejects in writing all uninsured motorist coverage if the vehicle is being operated by the excluded driver in the policy." *Fountain II*, supra, 204 Ga. App. at 166 (1). Finally, we observed that "the named insured under the policy, *as well as the named driver herself*, rejected uninsured motorist coverage for the named driver." (Emphasis added.) Id. at 166 (2). See also *Atlanta Cas. Co. v. Cash*, 209 Ga. App. 123 (433 SE2d 311) (1993) (named driver exclusion for uninsured motorist coverage upheld where named insured and named driver consented to exclusion). Accordingly, the primary case upon which 21st Century relies included a written rejection of uninsured

8

motorist coverage, an element that is not supported by the record of this case.[5] See also *Doe v. Rampley*, 256 Ga. 575, 577 (1) (351 SE2d 205) (1987) ("We note the absence in the record of any written waiver of uninsured motorist coverage.").

Other authority addressing named driver exclusions is similarly inapposite. See *Ison*, supra, 230 Ga. App. at 555 (named driver exclusion valid for liability coverage). Nor can the mere existence of the named driver exclusion endorsement satisfy the waiver requirement of OCGA § 33-7-11 if the endorsement does not conform with the statute. Compare *Doe*, supra, 256 Ga. at 577 (no written waiver) with *Fountain II*, supra, 204 Ga. App. at 166 (named driver exclusion provided that named insured "hereby consents and agrees to the exclusion set forth above and also rejects in writing all uninsured motorist coverage").

In addition, 21st Century is not rescued by its reliance upon contract principles to support its arguments. See *Anderson v. Mullinax*, 226 Ga. App. 672 (487 SE2d

---

[5] We take no position relative to the manner in which the "writing" required by OCGA § 33-7-11 is accomplished; rather, we state only that the record in this case contains no such "writing." See *Nat. Union Fire Ins. Co. v. Johnson*, 183 Ga. App. 38, 39 (357 SE2d 859) (1987) (rejection of uninsured motorist coverage by letter during policy term effective); *Blalock v. Southern Ins. Co.*, 180 Ga. App. 319 (349 SE2d 32) (1986) (checking box to reject uninsured motorist coverage effective); *Whatley v. Universal Security Ins. Co.*, 177 Ga. App. 424 (339 SE2d 398) (1986) (same).

607) (1997). It is only partially true that, as cited by 21st Century, "[c]overage for uninsured motorists is a matter of insurance contract"; rather, such matters must yield to "the statutory requirements of OCGA § 33-7-11." Id. at 672. See also *Hurst*, supra, 266 Ga. at 716 (4). Here, Tera Roberson was free to contract with 21st Century for whatever coverage she wished, including the exclusion of Roberson from coverage; clearly, uninsured motorist coverage may be rejected if it is accomplished in writing. See *Fountain II*, supra, 204 Ga. App. at 166, 167; *Fountain I*, supra, 200 Ga. App. at 643. The flaw comes not from what Tera Roberson bargained for, but from the fact that the policy purports to provide the coverage she bargained for without including a written rejection as required by OCGA § 33-7-11 (a) (3). As a result, the 21st Century policy runs afoul of OCGA § 33-7-11, and the trial court erred when it awarded summary judgment to 21st Century.

2. Because we reverse on the basis that the record fails to demonstrate that the 21st Century policy complied with OCGA § 33-7-11, we need not reach the remainder of Roberson's arguments.

*Judgment reversed. McFadden, J., concurs. Ray, J., concurs in the judgment only.*

10