73646. NATIONAL UNION FIRE INSURANCE COMPANY
v. JOHNSON.
(357 SE2d 859)

POPE, Judge.

The question presented by this appeal is whether uninsured motorist coverage was properly rejected by Frito-Lay, Inc., the named insured, on the automobile liability policy issued to it by National Union Fire Insurance Company. Plaintiff Johnson, an employee of the named insured, contends a 1984 letter from the insured to the issuing agent expressing a "desire to reject uninsured motorist coverage" in the middle of the policy term is not effective as an actual rejection of such coverage. Plaintiff further argues an issue for the jury is raised as to the effective date of a subsequent written endorsement to the policy rejecting uninsured motorist coverage for the 1985 policy year.

One of the copies of that endorsement which was produced during discovery was undated; another copy was dated March 29, 1985, just one day prior to the accident which forms the basis of plaintiff's complaint. Plaintiff argues, without citation to authority, that a mid-term rejection made on March 29, 1985 would not immediately cancel uninsured motorist coverage for the pending policy term which commenced January 1, 1985.

We find the June 12, 1984 letter from the insured instructing the issuing agent to make immediate changes to the automobile liability policy served as an effective rejection of uninsured motorist coverage. Such notice complies with the only statutory requirement for rejection of uninsured motorist coverage, namely, that such rejection be in writing. OCGA § 33-7-11 (a) (3); see also *Blalock v. Southern Ins. Co.*, 180 Ga. App. 319 (349 SE2d 32) (1986); *Whatley v. Universal Security Ins. Co.*, 177 Ga. App. 424 (339 SE2d 398) (1986). If the legislature had intended any further formal requisites for the rejection of uninsured motorist benefits, we must presume it would have specified them. Cf. OCGA § 33-34-5 (b). Once the insured makes a rejection of uninsured motorist coverage, the coverage need not be provided in a renewal policy issued to the insured by the same insurer. OCGA § 33-7-11 (a) (3). Thus, since the insured in this case made a proper rejection of uninsured motorist coverage in 1984, it was not necessary for the insured to again reject such coverage when the policy was renewed. Nevertheless, the insured reiterated its rejection of uninsured motorist coverage by endorsement to the policy during the term in which the collision in question occurred. It is not necessary for us to determine whether an issue of fact was created as to the effective date of the endorsement rejecting coverage by reason of the differences between the two copies of the documents since coverage had been rejected earlier and no further rejection was necessary.

*Judgment reversed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED MAY 22, 1987.

*Gene A. Major, Mark D. Belcher*, for appellant.
*J. Blair Craig, James E. Hardy*, for appellee.