Paul M. MATIA, Plaintiff–Appellant,

Wendy L. Matia, Plaintiff,

v.

CARPET TRANSPORT, INC., Defendant,

Continental Insurance Company, Defendant–Appellee,

Amica Mutual Insurance Company, Intervenor–Defendant.

No. 89–8277
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Nov. 14, 1989.

Robert Perry Crossett, Reynolds & Crossett, Edgar L. Crossett, III, Christopher J. McFadden, Atlanta, Ga., for plaintiff-appellant.

Genevieve L. Frazier, Chambers, Mabry, McClelland & Brooks, Atlanta, Ga., for Carpet Transport.

Stephen V. Kern, McLain & Merritt, P.C., Atlanta, Ga., for Continental Ins.

A. Terry Sorrells, Carter & Ansley, Atlanta, Ga., for Amica.

M. David Merritt, McLain & Merritt, P.C., Atlanta, Ga., for Continental Ins.

Before VANCE and CLARK, Circuit Judges, and HILL, Senior Circuit Judge.

PER CURIAM:

We affirm on the basis of the district court's opinion, dated October 6, 1988, filed October 7, 1988, and attached hereto as an Appendix.

## APPENDIX

Paul M. Matia and Wendy L. Matia, Plaintiffs,

v.

Carpet Transport, Inc., and Continental Insurance Co., Defendants.

1:86–CV–2330–HTW

United States District Court, Northern District of Georgia, Atlanta Division.

### ORDER OF COURT

This matter is pending before the court on the motion by the defendant Continental Insurance for summary judgment and the motion by the plaintiffs to dismiss the motion for summary judgment.

*Motion to Dismiss*

Plaintiffs argue that Continental's motion for summary judgment is untimely and should therefore be dismissed. As plaintiffs note, Local Rule 220–5(c) provides that motions for summary judgment shall be filed not later than twenty days after the close of discovery. The discovery period in this matter closed in October, 1987, and Continental's motion was not filed until February, 1988.

Although Continental's motion was not filed within the time period designated by the local rules, the court finds that it is appropriate to consider the merits of the motion. Continental asserts that the parties' pursuit of discovery continued past the official discovery period, and it did not learn of the facts underlying its motion until December, 1987. It also appears that consideration of the summary judgment motion would be the course of action most consistent with the interest of judicial economy. Plaintiffs' motion to dismiss Continental's motion for summary judgment is accordingly DENIED.

## Motion for Summary Judgment

Summary judgment is only proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Warrior Tombigbee Transportation Co., Inc. v. M/V NAN FUNG*, 695 F.2d 1294, 1296 (11th Cir.1983); Fed.R.Civ.P. 56(c). The court must review the evidence and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 656 (11th Cir.1983).

■ Plaintiffs' complaint alleged that plaintiff Ted Matia was injured in an auto accident due to the negligence of an employee of Carpet Transport, that at the time of the accident this employee was acting within the scope of his employment, and that Carpet Transport is vicariously liable for the negligence of its employee. The complaint named Carpet Transport as the only defendant. Carpet Transport is being defended in this action by the Georgia Insolvency Pool because its insurance carrier is now insolvent. Continental was also served with the complaint, on the basis that it carried uninsured motorist insurance coverage for the plaintiffs. Continental cross-claimed against Carpet Transport, claiming that Carpet Transport should reimburse it for any sums plaintiffs recovered from Continental.

Continental argues in its motion that at the time of the accident it did not have any policy in force that provided uninsured motorist coverage to the plaintiffs. It submits in support of its motion affidavits and exhibits which indicate that at the time of the accident, plaintiff was driving a car owned by Gifford–Hill & Company, Inc. The affidavit of Ron Bradford states that Bradford, as an authorized agent of Gifford–Hill & Company, rejected Uninsured/Underinsured Motorists Coverage with Continental for the policy period covering the time of the accident. The affidavit of Robert Foxwell identifies Foxwell as an agent for Continental and states that Gifford–Hill & Company rejected uninsured motorists coverage for the policy year during which plaintiff's accident occurred. An exhibit is attached which is identified as a copy of the uninsured motorists coverage rejection form which was executed by Ron Bradford on behalf of Gifford–Hill.

Plaintiffs first argue that genuine issues of fact remain concerning whether uninsured motorists coverage was properly rejected. They contend that the affidavits submitted by Continental should not be considered because they contain legal conclusions, that it is impossible to determine whether an authorized agent rejected coverage as the signature on the purported rejection form is illegible, that the purported rejection form is a Texas form and thus may not be valid in Georgia, and that certain signature lines in the insurance forms were left blank.

These arguments are not persuasive. Defendant has offered exhibits and affidavits which indicate that uninsured motorists coverage was properly rejected. *See* O.C.G.A. § 33–7–11(a)(3) (Michie 1982 & Supp.1988); *National Union Fire Ins. Co. v. Johnson*, 183 Ga.App. 38, 39, 357 S.E.2d 859 (1987). Plaintiffs' arguments merely offer speculation concerning the possibility of other evidence; they fail to point to any evidence which, when construed in the light most favorable to them, creates a genuine issue of material fact concerning whether the rejection of coverage was valid.

■ Plaintiffs also argue that Continental is estopped from denying coverage because it has actively defended this suit for seven months before indicating that it denied that coverage existed. Plaintiffs argue that when Continental entered this action it should have either sent a reservation of rights letter to its insured or entered into a non-waiver agreement. Both plaintiffs and the Georgia Insolvency Pool assert that because Continental actively defended this suit, they relied on an assumption that Continental did not deny coverage. They say they have been prejudiced by their reliance, in that they did not pursue certain of their possible courses of action as vigorously as they would have if they had known Continental was going to deny coverage.

As plaintiffs argue, Georgia law provides that when an insurer "assumes and conducts the defense of an action brought against the insured with actual or constructive knowledge of a ground or forfeiture or noncoverage under the insurance policy, the insurer is thereafter estopped from asserting such forfeiture or noncoverage unless it has entered upon the defense under a reservation of rights which fairly informs the insured of its position." *Moody v. Pennsylvania Millers Mutual Ins. Co.,* 152 Ga.App. 576, 577, 263 S.E.2d 495 (1979); *see Prescott's Altama Datsun, Inc. v. Monarch Ins. Co.,* 253 Ga. 317, 318, 319 S.E.2d 445 (1984). In this case, however, Continental did not enter the suit to defend on behalf of the purported insured but rather in a position which was adverse to the purported insured. Thus, *Moody* and similar cases fail to provide authority for plaintiffs' estoppel argument.

As plaintiffs also note, when an insurer tells its insured that the insured need not satisfy the policy's provisions concerning a condition precedent to recovery, the insurer waives that condition precedent. *United States Fidelity & Guaranty Co. v. Lockhart,* 124 Ga.App. 810, 811–12 (1971), *aff'd,* 229 Ga. 292, 191 S.E.2d 59 (1972). However, such a situation is not presented here. When an insurance policy specifically excludes coverage for certain risks, estoppel and waiver by the insurer do not expand the policy to cover these risks. *St. Paul Fire & Marine Insurance Co. v. Cohen–Walker, Inc.,* 171 Ga.App. 542, 545, 320 S.E.2d 385 (1984).

Finally, plaintiffs' argument must be rejected for the simple reason that any reliance they placed on coverage by Continental was unjustified. Continental's answer to the complaint stated that, "[t]he plaintiffs may not be covered for uninsured motorist's benefits under any insurance policy with The Continental Insurance Company." This response should have been sufficient to alert plaintiffs and the Georgia Insolvency Pool that coverage was in question. Any prejudice plaintiffs or the Georgia Insolvency Pool suffered from their assumption that coverage existed was caused by their failure to promptly and adequately investigate this statement in Continental's answer.

Because plaintiffs would have the burden of proof at trial to show that they were covered by Continental with uninsured motorists coverage, they have the burden on summary judgment to come forward with evidence that demonstrates a genuine issue of material fact as to the existence of such coverage. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325–27, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). This they have failed to do. Defendant's motion for summary judgment is accordingly GRANTED.

SO ORDERED, this <u>6th</u> day of <u>Oct.</u>, 1988.

S/ Horace T. Ward
HORACE T. WARD
UNITED STATES DISTRICT
JUDGE