[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 29, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10838
Non-Argument Calendar

_____

D. C. Docket No. 05-00042-CV-4

KENNETH TELFAIR NEWSOME, II,

Plaintiff-Appellant,

versus

CHATHAM COUNTY DETENTION CENTER,
PRISON HEALTH SERVICES, INC., et al.,

Defendants,

NURSE JANICE SIMMONS,
NURSE SANDRA MCIVORY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(November 29, 2007)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Kenneth Telfair Newsome II sued the Chatham County Detention Center, Prison Health Services, Inc., Dr. Lindsay Jackson, and nurses Janice Simmons and Sandra McIvory, pursuant to 42 U.S.C. § 1983, for failing to provide him with adequate dental care while he was an inmate at the jail. After reviewing Newsome's complaint under the screening procedures authorized by the Prison Litigation Reform Act, 28 U.S.C. § 1915A, the magistrate judge recommended that the complaint be dismissed insofar as the detention center, Prison Health, and Dr. Jackson were concerned. The magistrate judge also recommended that the nurse defendants be ordered to answer the complaint.

Newsome objected to the recommendation that the complaint be dismissed as to the detention center, Prison Health, and Dr. Jackson. In his written objections, Newsome included new factual allegations as to each of those defendants.

The district court overruled Newsome's objections and adopted as its own the magistrate judge's recommendations. The court ordered the nurses to answer the complaint and set December 1, 2005 as the discovery deadline, and December 31, 2005 as the deadline for filing dispositive motions.

On July 20, 2006, the nurses moved for summary judgment. The magistrate judge recommended, and the district court agreed, that their motion be granted because Newsome had failed to raise a genuine issue of material fact that the nurses acted with deliberate indifference as to his serious need for dental care. On February 1, 2007, a final judgment was entered incorporating both the order of dismissal as to the non-nurse defendants and the order granting summary judgment to the nurse defendants.

Thereafter, Newsome filed a timely notice of appeal. The notice states that he "hereby appeals to the United States District Court for the Eleventh Circuit from the Final Judgment entered in this action on the 1st day of February 2007." It then continues: "This notice also includes the Plaintiff's notice to appeal the District Court's decision to dismiss Dr. Jackson from the above-captioned case which was ordered on the 20th day of June, 2005."

## I.

Newsome's notice of appeal was sufficient under Federal Rule of Appellate Procedure 3 to appeal the district court's final judgment against Prison Health, Dr. Jackson, and the nurses.[1] We have held that a notice of appeal from the final

---

[1] Newsome concedes that the detention center is not an entity subject to suit under § 1983, and does not include any discussion of the detention center in his brief. He has abandoned any claim as to it.

judgment brings up all of the district court's subsidiary non-final orders as well. See Kirkland v. Nat'l Mortgage Network, Inc., 884 F.2d 1367, 1369–70 (11th Cir. 1989). The superfluous statement in the notice of appeal that it included the district court's dismissal of the claim against Dr. Jackson does not operate to limit the appeal from the final judgment. "Includes" means especially, or in addition; it does not mean exclusively or only. See Edwards v. Joyner, 566 F.2d 960, 961 (5th Cir. 1978) (pro se notices of appeal are to be construed liberally).

## II.

Newsome's first contention is that the district court erred in dismissing his complaint as to Prison Health and Dr. Jackson. He argues that, while his complaint contained only a limited factual predicate against these two defendants, he provided additional factual allegations in his objection to the magistrate judge's recommendation. These factual allegations in the objection, Newsome insists, should have been considered by the district court as an amendment to his complaint.

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). We have held that the screening provision of the PLRA did not affect in any way a prison's right to amend his

4

complaint under Rule 15. Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004).

Newsome response to the magistrate judge's recommendation that his complaint against Prison Health and Dr. Jackson should be dismissed amounted to a request that the district court consider additional allegations against these two defendants that he had not included in his complaint. Although the form of those additional allegations were objections to the recommendation of dismissal, the collective substance of them was an attempt to amend the complaint. Because courts must construe pro se pleadings liberally, the district court should have considered Newsome's additional allegations in the objection as a motion to amend his complaint and granted it. See Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." (quotation omitted)).

Because the district court has not decided whether Newsome's claims against Prison Health and Dr. Jackson, as amplified by the new factual allegations in his objections to the recommendation, should be dismissed, we will remand the case to the district court for it to decide in the first instance that issue, and any others that flow from its decision of that issue.

**III.**

As for the nurse defendants, Newsome contends that the district court erred in permitting them to submit their summary judgment motion more than six months after the court's deadline for filing dispositive motions. He argues that there was no justification for the delay and he was prejudiced by it.

District courts "enjoy broad discretion in deciding how best to manage the cases before them," Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997), and that discretion extends to whether to consider untimely motions for summary judgment, see Matia v. Carpet Transport, Inc., 888 F.2d 118, 119 (11th Cir. 1989). In Matia, we affirmed the district court's decision to consider the defendant's summary judgment motion even though it was filed four months after the local rules provided that all dispositive motions were due. Id. The district court had explained that it considered the late motion in part because "consideration of the summary judgment motion would be the course of action most consistent with the interest of judicial economy." Id. In other words, there was no point in going to trial with a claim for which there was insufficient evidence to support a verdict for the plaintiff.

Likewise, in this case the magistrate judge found that "[d]espite the extremely belated nature of [the nurse] defendant[s]' motion and defendant[s]'

6

failure to offer any explanation for such a delay, it is in the interests of judicial economy to have the merits of plaintiff's claims examined prior to trial." Newsome does not argue that this judicial economy finding by the magistrate judge is erroneous. The district court did not abuse its discretion in considering the belated motion for summary judgment.

## IV.

Finally, Newsome contends that even if the district court properly considered the late motion for summary judgment, it erred in deciding that motion in favor of the nurses. He argues that he presented evidence establishing a genuine issue of material fact that the nurses were deliberately indifferent to his dental problems.

In order for a prisoner to survive summary judgment on his inadequate medical care claim, he must show that the failure to provide care constituted cruel and unusual punishment under the Eighth and Fourteenth Amendments. Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976). This is done by proffering evidence that the prison officials were deliberately indifferent to the prisoner's serious medical needs. Id. A prisoner can establish deliberate indifference by demonstrating that the prison officials (1) had an awareness of facts from which the inference could be drawn that a substantial risk of serious harm existed, and

(2) drew that inference.  Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000).

The district court assumed, and the nurses do here as well, that Newsome had presented evidence of a serious medical need.  See Farrow v. West, 320 F.3d 1235, 1243–44 (11th Cir. 2003) ("In certain circumstances, the need for dental care combined with the effects of not receiving it may give rise to a sufficiently serious medical need to show objectively a substantial risk of serious harm.").  The district court also concluded from the evidence that, "Certainly the evidence shows that [nurse] defendants were aware of [Newsome]'s condition."  The court based its summary judgment for the nurses on there being "no indication besides plaintiff's self-serving affidavit that defendants exhibited deliberate indifference to plaintiff's serious medical needs."

We agree with Newsome that his "self-serving affidavit" is sufficient evidence to create a genuine issue of material fact that the nurses were deliberately indifferent to his serious need for dental care.  Newsome's affidavit states:  "On one occasion, I asked Nurse Simmons could I get something for pain since it would be at least 30 days before I get treated.  She began to laugh and told me to get out of her face."  Newsome's affidavit also states:  "On March 11, 2005, my dental pain continued so I asked the officer on duty could I speak with the unit nurse which was Nurse McIvory.  Upon speaking with Nurse McIvory, she said that she

8

wasn't going to respond to my medical request and that she wasn't going to give me anything for pain and that I would not receive anything (tylenol) for at least 30 days."

Assuming, as the nurse defendants and the district court did, that Newsome's dental pain constituted a serious medical need, and construing the evidence in the light most favorable to him, as we must on summary judgment, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986), Newsome has presented a genuine issue of material fact that: the nurse defendants knew of his serious medical need and intentionally refused to treat it, either by laughing in Newsome's face or telling him that they would not respond to any of his requests for medical care. Where a prison official or medical care provider has knowledge of the prisoner's serious medical condition and arbitrarily refuses to provide any medical care, that constitutes deliberate indifference. See McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) ("We have repeatedly found that 'an official acts with deliberate indifference when he or she knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate.'" (citation omitted)); Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989) ("This court has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference.").

9

While it is true that Newsome's medical records do not support the version of the facts he presents in his affidavit, all this means is that there is conflict in the evidence, which we must resolve at the summary judgment stage in Newsome's favor. A jury may well find Newsome's account of the facts not to be credible. However, for purposes of summary judgment, there is nothing inherently wrong with "self-serving testimony," and it may not be disregarded by the district court in determining whether there is a genuine dispute of fact on a material issue in the case. "Courts routinely and properly deny summary judgment on the basis of a party's sworn testimony even though it is self-serving." Price v. Time, Inc., 416 F.3d 1327, 1345 (11th Cir. 2005).

For these reasons, we conclude that there was a genuine issue of material fact and that summary judgment was inappropriate for the nurses.[2]

**IV.**

We VACATE the final judgment in favor of Prison Health, Dr. Jackson, and Nurses Simmons and McIvory, and REMAND for proceedings consistent with this opinion.

---

[2] The nurse defendants contend that there is no genuine issue of material fact as to their good-faith affirmative defense. The nurses, however, cannot show that there is no genuine issue of material fact on their good-faith affirmative defense because Newsome's affidavit created one about whether they were deliberately indifferent to Newsome's serious dental care needs. Logically, there cannot be a genuine issue of material fact on the deliberate indifference issue but no genuine issue of material fact on the good-faith defense at the same time.