[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15497
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cv-00285-MCR-CJK


KAREN BROUGHTON,

Plaintiff - Appellant,

versus

SCHOOL BOARD OF ESCAMBIA COUNTY, FLORIDA,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 4, 2013)

Before CARNES, Chief Judge, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Karen Broughton, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of her employer, the School Board of Escambia County (the Board), on her Title VII retaliation claim. After review, we affirm.

I.

In 2003, the Board hired Broughton, an African-American woman, as a high school teacher. Four years later, in June 2007, the Board terminated her employment. Broughton then filed suit in state and federal court and a complaint with the Equal Employment Opportunity Commission (EEOC) alleging the Board discriminated against her. In January 2008, the Board reinstated Broughton and, in June 2009, settled her lawsuits without admitting liability for discrimination.

In August 2009, Broughton's son, B.B., began fourth grade at an Escambia County elementary school. His class was co-taught by Mark Snider and Myra Schofield. According to Broughton, Snider and another teacher who monitored the lunch room, Tara Peterson, repeatedly harassed B.B. from December 2009 until the end of the school year.[1] Broughton filed ethics complaints with the Board against Snider and Peterson in March 2010, but an investigation spearheaded by school principal Dr. Patti Thomas resulted in an April 2010 report saying Broughton's allegations of harassment were unfounded. That month, Broughton filed an

---

[1] Broughton's allegations relating to B.B.'s treatment by Board officials are detailed in the district court's two summary-judgment orders. Because of the posture and disposition of this case, we need not repeat all the facts here.

2

EEOC retaliation complaint, claiming Snider and Peterson had harassed B.B. in retaliation for her 2007 EEOC complaint.  She also sent emails to the school superintendent calling Thomas and Schofield liars.  She then filed complaints against Thomas and Schofield, claiming Thomas lied during the earlier investigation and that Schofield harassed B.B. in class.  Later that month, Schofield removed B.B. from her classroom, saying that B.B. was engaging in disruptive behavior.  This too, Broughton contends, was retaliatory.

Broughton sued the Board in August 2010, alleging that the Board retaliated against her based on her history of litigation and complaints with the Board.  She claimed the Board did this by permitting school officials to engage in discriminatory and abusive conduct against B.B.  The Board moved for summary judgment, arguing Broughton failed to establish a prima facie case of retaliation.

In September 2011, the district court granted summary judgment in favor of the Board on Broughton's claim based on the conduct prior to her April 2010 complaint with the EEOC.  The court concluded Broughton could not show a causal connection to this alleged conduct because it occurred before the 2010 complaint and was too remove in time from the 2007 complaint to evidence a causal connection.  *See Dixon v. The Hallmark Companies, Inc.*, 627 F.3d 849, 856 (11th Cir. 2010) (requiring a causal connection between statutorily protected activity and a materially adverse employment action to establish a prima facie

retaliation claim). The court denied summary judgment with respect to Broughton's claim based on the one alleged retaliatory act that occurred after the 2010 complaint — B.B.'s removal from Schofield's classroom — because it occurred in close temporal proximity to the complaint and because the Board put forth no evidence to show there was a legitimate reason for the action. *See Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (requiring the employer to articulate a legitimate reason for the adverse action to obtain summary judgment once a plaintiff establishes a prima facie retaliation claim).

In December 2011, the Board filed a motion for leave to file a second summary-judgment motion with a newly obtained affidavit from Schofield explaining why and under what authority she removed B.B. from her classroom. The district court granted the motion and gave Broughton an opportunity to respond. In her response, Broughton included affidavits from herself, her mother, her husband, and former Escambia County principal and deputy superintendent Jerome Watson. The Board moved to strike the affidavits, arguing that the first three could not be reduced to admissible evidence and that Watson's was not based on personal knowledge. The court struck the affidavits and rendered judgment for the Board, citing Schofield's affidavit and Broughton's failure to rebut the Board's asserted legitimate reason for B.B.'s removal from the classroom. This is Broughton's appeal.

4

II.

On appeal, Broughton argues that the district court erred when it (1) granted the Board leave to file a renewed motion for summary judgment; (2) struck the affidavits she offered in response to the Board's renewed motion; and (3) rendered summary judgment in favor of the Board. We address each argument in turn.

A.

Broughton challenges the district court's decision to permit the Board to file a second motion for summary judgment based on additional evidence. She first argues the Board's request for leave to file a second summary-judgment motion was actually a motion for reconsideration of the district court's first order denying summary judgment in part, and was, therefore, untimely under Federal Rule of Civil Procedure 59(e). But in her response to the Board's motion for leave to file its renewed motion for summary judgment, she made no such contention.[2] She accordingly forfeited any argument that the Board's motion should be construed as anything other than what it purported to be, namely, a request for leave to file a second summary-judgment motion. *See Sterling Fin. Inv. Grp. v. Hammer*, 393 F.3d 1223, 1226 (11th Cir. 2004) ("[A]rguments not presented in the district court

---

[2] Although Broughton did contend the motion was untimely under the district court's scheduling order, she made no mention of Rule 59(e) and we have long recognized a district court has discretion consider an untimely motion for summary judgment. *See Matia v. Carpet Transp., Inc.*, 888 F.2d 118, 119 (11th Cir. 1989) (holding that a district court may consider an untimely motion for summary judgment when doing so serves the interests of judicial economy).

5

will not be considered for the first time on appeal." (internal quotation marks omitted)).

She also contends that the district court's initial rejection of summary judgment on her claim based on B.B.'s removal from class became the law of the case and, therefore, that the court could not revisit the issue. We disagree. "As a general rule, the law of the case doctrine prohibits a court from revisiting an issue once it has been decided in pending litigation." *Outside the Box Innovations, LLC v. Travel Caddy, Inc.*, 695 F.3d 1285, 1301 (11th Cir. 2012) (internal quotation marks omitted). Here, when the court denied the Board summary judgment, it did not *decide* the causation issue once and for all. Instead, the court expressly declined to decide the issue at that stage and, thus, created no binding law of the case. Accordingly, the district court did not err in granting the Board leave to file a renewed motion for summary judgment.

## B.

Broughton next contends the district court erred in striking four affidavits she included with her response to the Board's renewed summary-judgment motion.[3] Broughton, her mother, and her husband stated in affidavits that Schofield acted disrespectfully during a May 2010 meeting and to B.B. thereafter,

---

[3] Broughton also argues the district court erred in striking an email written by a specialist with the Florida Office of Safe Schools, but the district court actually allowed that email into evidence.

and that Schofield and school staff lied about B.B.'s misconduct and removal from the classroom.  Watson, a former Escambia County principal and deputy superintendent, stated he was "well aware" that documented evidence of a student's disruptive, violent, or dangerous behavior was required to remove a student from class, and that B.B. was removed for a reason other than these.  The district court struck the first three affidavits because the allegations they contained were not admissible.  The court struck Watson's affidavit because it contained mostly legal conclusions and its factual allegations were not based on personal knowledge.

We review the district court's decision to strike an affidavit for an abuse of discretion.  *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1259 (11th Cir. 2004).  Affidavits used to oppose a summary-judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  In this case, the district court's decision to strike the affidavits Broughton offered was not an abuse of discretion.  As the court correctly noted, the affidavits Broughton, her mother, and her husband executed simply say Schofield lied and mistreated B.B. without any supporting facts indicating how they arrived at those conclusions.  They therefore do not satisfy the standard Rule 56(c) requires.  The district court was also within its discretion to strike Watson's affidavit.  Because

Watson did not work for the Board during the time period relevant to this case, he lacks personal knowledge of the events that unfolded.

C.

Finally, Broughton contends the district court erred in rendering summary judgment in the Board's favor. We review *de novo* the district court's grant of summary judgment. *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We draw all factual inferences in a light most favorable to the non-moving party." *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).

Title VII prohibits employers from retaliating against an employee "because [s]he has opposed any . . . unlawful employment practice . . . or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation, the plaintiff must show that (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse employment action; and (3) there was a causal link between the two. *Dixon*, 627 F.3d at 856. Once the plaintiff establishes these elements, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse

action. *Pennington*, 261 F.3d at 1266. To survive summary judgment, the plaintiff must then create a question of fact as to whether the employer's articulated reason is a pretext for discrimination. *Id.*

We conclude that Broughton's retaliation claim fails as a matter of law. As the district court concluded, with respect to the acts that occurred before Broughton's 2010 EEOC complaint, Broughton failed to present any evidence tying her protected conduct to B.B.'s alleged mistreatment. The alleged harassment and misconduct that occurred prior to her April 2010 EEOC complaint is so distant in time from her 2007 EEOC complaint that no reasonable jury could find causation without additional evidence, which Broughton did not submit. *See Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004) ("If there is a substantial delay between the protected expression and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law."). Nor is that conduct — which began in December 2009 — close enough in proximity to Broughton's lawsuits, which concluded in June of that year, to alone evidence causation. *See id.* at 1220-21 (three months between protected conduct and alleged retaliation insufficient to imply causation); *see also Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (three month period between complaint and adverse action, "without more," does not establish causal connection sufficient to survive summary judgment). Indeed,

9

Broughton failed to put forth any evidence that Snider or Peterson knew of her 2007 EEOC complaint or lawsuits when the alleged adverse actions they took occurred.  And she did not even allege Snider, Peterson, or Thomas continued any adverse actions after she filed her April 2010 EEOC complaint, so there could be no causal link between that complaint and their alleged retaliation.

Also as the district court correctly found, even assuming Broughton established a prima facie retaliation case with respect to Schofield's conduct, Schofield put forth a legitimate, non-discriminatory reason for removing B.B. from the classroom — his disruptions and her statutory authority to remove students who "interfere[] with the teacher's ability to" teach.  Fla. Stat. § 1003.32(4).  And Broughton failed to show this reason was pretextual.  *See Pennington*, 261 F.3d  at 1266.  Accordingly, the district court was correct to conclude summary judgment was appropriate on Broughton's retaliation claim.

**AFFIRMED.**