[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11034
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cv-00011-HLM

DAVID S. BENNETT,

Plaintiff-Appellant,

versus

GARY LANGFORD,
Sheriff,
JOHN CHERRY,
Captain,

Defendants-Appellees,

HUBERT STUCKEY,
Sergeant, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 8, 2019)

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

David S. Bennett, a prisoner proceeding pro se, appeals the district court's grant of summary judgment for Gary Langford and John Cherry, as well as several other ancillary decisions made by the district court. The gist of Bennett's claim, which arises under 42 U.S.C. § 1983, is that Langford and Cherry implemented a postcard-only mail policy in the prison in which Bennett resides, violating his rights under the First Amendment.

Bennett raises four issues on appeal:[1] (1) the district court's denial of his motion for extension of time to complete discovery; (2) the district court's denial of three motions for leave to amend his complaint; (3) the district court's denial of his motion for summary judgment because of its untimely filing; and (4) the district court's grant of summary judgment to Langford and Cherry based on qualified and Eleventh Amendment immunity. We address each in turn and affirm on all grounds.

---

[1] Bennett raises a fifth issue, regarding his motion for appointment of counsel. But we need not rule on Bennett's arguments here because the district court never considered them. Fed. R. Civ. P. 72(a); see United States v. Brown, 441 F.3d 1330, 1352 (11th Cir. 2006) (concluding in an appeal from a final criminal judgment that this Court lacked jurisdiction to review a magistrate judge's non-dispositive order because the appellant "never appealed the ruling to the district court").

2

## I.

First, Bennett argues that the district court erred in denying his motion for an extension of the discovery period. We review a district court's discovery decisions for an abuse of discretion. Burger King Corp. v. Weaver, 169 F.3d 1310, 1315 (11th Cir. 1999). The district court has wide discretion in determining the scope and effect of discovery, including the placement of time and subject matter restrictions. Avirgan v. Hull, 932 F.2d 1572, 1580-81 (11th Cir. 1991). A discovery request is properly denied when "a significant amount of discovery has been obtained, and it appears that further discovery would not be helpful in resolving the issues." Id. at 1580.

We note at the outset that it's not clear that we have jurisdiction to hear Bennett's claims on this issue. He failed to timely object to the magistrate judge's denial of his motion for extended discovery, and failure to "timely challenge a magistrate [judge's] nondispositive order before the district court" generally constitutes a waiver of the right to appeal the issue to us. Smith v. Sch. Bd. of Orange Cty., 487 F.3d 1361, 1365 (11th Cir. 2007).

Nonetheless, even assuming arguendo that Bennett's failure did not waive the issue, we still conclude that the district court properly held that his motion for an extension of time to complete discovery was untimely and unjustified. Bennett gave no reason for his failure to make use of the period already granted or why he

3

could not have pursued the new discovery sooner, which suggests that extending the discovery period would have served no purpose. See Avirgan, 932 F.2d at 1580. The lack of explanation or justification for Bennett's motion, coupled with our deferential standard of review, persuades us that the district court did not abuse its discretion here. We affirm as to this issue.

## II.

Bennett's second argument is that the district court's failure to allow him to amend his complaint was in error. We review a district court's denial of a motion to amend a complaint for abuse of discretion and we review the underlying questions of law de novo. Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005). Rule 15(a) of the Federal Rules of Civil Procedure provides that a plaintiff may amend his pleading only once "as a matter of course" within 21 days after serving the defendant or within 21 days after service of a responsive pleading, if one is required. After 21 days, he may only amend with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15 (a)(2).

While leave to amend should be "freely" given "when justice so requires," the Supreme Court has stated that leave need not be granted if the amendment was the product of undue delay, would result in undue prejudice, or the amendment was futile. Foman v. Davis, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(1). We consider an amendment futile if the complaint as amended would still be subject to

4

a proper dismissal or subject to summary judgment for the defendant. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam). Additionally, like futility, the failure to serve the defendants pleadings and the addition of inappropriate claims may result in the dismissal or eventual vacating of the case. Fed. R. Civ. P. 18; see Varnes v. Glass Bottle Blowers Asso., 674 F.2d 1365, 1368 (11th Cir. 1982) (vacating a judgment based on grounds asserted in an amended complaint not served on defendants). In interpreting these filings and reviewing these arguments, we liberally construe a pro se litigant's pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

We conclude that the district court did not err in denying Bennett's three amended complaints because they suffered from procedural and substantive errors that rendered them futile. Bennett's first proposed amendment, dated March 7, 2018, occurred after the magistrate judge warned him that he needed to serve subsequent pleadings. He did not do so, preventing Langford and Cherry from receiving notice of his new and additional claims. Accordingly, we conclude that the magistrate judge properly denied it.

The second proposed amendment was properly rejected by the magistrate judge for two separate, but interrelated, reasons. First, it ostensibly articulated a Fourteenth Amendment due process claim based on the prison's postcard-only policy, but failed to demonstrate that Langford and Cherry directly participated in

5

enforcing the policy or that their participation rose beyond negligence. Accordingly, it failed to articulate a colorable Fourteenth Amendment claim, thereby rendering the amendment futile. See Cockrell, 510 F.3d at 1310. Second, Bennett presented an excessive force claim that did not actually involve any of the defendants in the case. On these two grounds, we conclude that the district court properly denied the second proposed amendment.

The third proposed amendment—incorporated through Bennett's motion for reconsideration of his second motion for leave to amend—was properly denied by the district court on the grounds that it was untimely and that it was ultimately meritless. It is undisputed that Bennett did not request the district court reconsider the magistrate judge's denial of his second motion for leave to amend within 14 days, as was required under Rule 72(a). Because Bennett's motion for reconsideration was untimely made, we conclude that the district court properly denied it, and we need not reach the merits of his motion.

We conclude that Bennett's three proposed amendments were all properly denied by the district court or by the magistrate judge and, accordingly, find no abuse of discretion.

## III.

Next, Bennett argues that the district court erred by failing to consider his motion for summary judgment. District courts enjoy broad discretion in managing

6

the cases before them, including whether to consider untimely motions for summary judgment. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997); see Matia v. Carpet Transport, Inc., 888 F.2d 118, 119 (11th Cir. 1989). However, parties are required to file motions for summary judgment no later than 30 days after the expiration of the discovery period. See N.D. Ga. L.R. 56(D); Fed. R. Civ. Pro. 56(b). Although pro se litigant's pleadings are liberally construed, they nonetheless must conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). We have allowed equitable tolling for pleadings in instances where the defendant misleads the plaintiff and there was no reasonable way of discovering the deceit. Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993). However, a lack of due diligence, including when the plaintiff knew or reasonably could have known the limitations period was running does not warrant equitable tolling. Id.

Here, the district court did not err in concluding that Bennett's motion for summary judgment was untimely and therefore not considering it. Discovery ended on November 22, 2018, which, pursuant to both federal and local procedural rules, meant that motions for summary judgment had to be filed by December 22, 2018. Bennett did not file his motion until January 11, 2019. It is theoretically plausible that the district court might have been considering Bennett's motion for extended discovery, which, had it granted the motion, would have extended the

deadline to move for summary judgment.  But the *potentiality* for a deadline change does not excuse noncompliance with the original deadline, pro se party or otherwise.  See Albra, 490 F.3d at 829; Justice, 6 F.3d at 1479.  Additionally, Bennett did not raise any exceptional circumstances for his belated filing, which further supports a finding of untimeliness.

Therefore, we conclude that the district court correctly determined Bennett's filing was late, and we affirm as to this issue.

## IV.

Finally, Bennett argues that the district court erred in granting summary judgment to Langford and Cherry on the grounds of qualified and Eleventh Amendment immunity.  We review de novo the district court's grant of summary judgment.  LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1189 (11th Cir. 2010).  Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-moving party, presents no genuine dispute as to any material fact and compels judgment as a matter of law.  Id.  Qualified immunity protects government officials engaged in discretionary functions unless they violate clearly established federal statutory or constitutional rights of which a reasonable person would have known.  Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010).  Once a defendant demonstrates he was within his discretionary authority, the burden shifts to the plaintiff to show that qualified

8

immunity should not apply because (1) the official violated a constitutional right, and (2) that right was clearly established at the time of the incident. Garczynski v. Bradshaw, 573 F.3d 1158, 1166 (11th Cir. 2009).

We also review de novo the grant of a motion to dismiss based upon a state's Eleventh Amendment immunity. In re Employ't Discrimination Litig. Against State of Ala., 198 F.3d 1305, 1310 (11th Cir. 1999). Eleventh Amendment immunity bars suits by private individuals against a state in federal court unless the state has consented to be sued, has waived its immunity, or Congress has abrogated the states' immunity. Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363–64 (2001). "To receive Eleventh Amendment immunity, a defendant need not be labeled a 'state officer' or 'state official,' but instead need only be acting as an 'arm of the State.'" Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc). We have held that in promulgating policies and procedures governing the condition of confinement in a Georgia county jail, the sheriff does serve as an arm of the state and is therefore entitled to Eleventh Amendment immunity. Purcell ex. rel. Estate of Morgan v. Toombs Cty., 400 F.3d 1313, 1325 (11th Cir. 2005). Deputy sheriffs and those delegated the applicable portions of a sheriff's authority likewise are entitled to Eleventh Amendment immunity. See Lake v. Skelton, 840 F.3d 1334, 1344 (11th Cir. 2016) (holding that an operational support commander

at a detention center operated by the Cobb County, Georgia sheriff's department was entitled to Eleventh Amendment immunity).

Under the doctrine enunciated in Ex parte Young, however, a suit requesting injunctive relief on a prospective basis for an ongoing constitutional violation against a state official in his or her official capacity is not a suit against the state, and, accordingly, does not violate the Eleventh Amendment.  Grizzle v. Kemp, 634 F.3d 1314, 1319 (11th Cir. 2011).

Here, we have little difficulty in concluding that the district court did not err in finding that Langford and Cherry were entitled to both qualified and Eleventh Amendment immunity.  As to qualified immunity, because Langford and Cherry were acting within their discretionary authority, the burden shifted to Bennett to show that their actions violated a clearly established constitutional right. Garczynski, 573 F.3d at 1166.  Bennett has failed to demonstrate, in Eleventh Circuit, Supreme court, or Georgia Supreme Court caselaw, that the right he claims was violated was clearly established.  Indeed, our caselaw shows that we have rejected this sort of claim in the past.  As it concerns prison mail policies, we have held that the impounding of incoming publications does not violate the First Amendment.  Prison Legal News v. Sec'y Fla. Dep't of Corr., 890 F.3d 954, 957,

10

975-76 (11th Cir. 2018).  Bennett points to no contrary authority.[2]  Therefore, we determine that the district court correctly concluded that Bennett's claimed First Amendment right was not clearly established at the time of the alleged violation.

As to Eleventh Amendment immunity, Langford, as sheriff, and Cherry, working under Langford's delegated authority to create and implement policies and procedures for the county jail, worked as "arm[s] of the state" and thus were entitled to Eleventh Amendment immunity.  Manders, 338 F.3d at 1308.  Though immunity under the Eleventh Amendment would not have protected Langford and Cherry from Bennett's request for injunctive relief had there been a constitutional violation, as we held previously, there is no constitutional violation at issue here. As a result, the district court correctly granted Langford and Cherry's motion for summary judgment on both grounds, and we affirm.

**AFFIRMED.**

---

[2] Moreover, Bennett's argument (made with clarity for the first time in his reply brief on appeal) that the challenged rule constitutes an absolute ban on receipt of publications is waived. He failed to raise that argument in his objection to the Magistrate Judge's Report and Recommendation.  See United States v. Perkins, 787 F.3d 1329, 1344 n.3 (11th Cir. 2015). Accordingly, we decline to address that aspect of the claim.

11